# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| TOMMIE HARDY, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    No. 4:19-cv-00237-DGK |
| | ) |
| CITY OF KANSAS CITY, MISSOURI, | ) |
| | ) |
|     Defendant. | ) |

## ORDER GRANTING MOTION TO DISMISS

This civil rights action arises from Defendant Kansas City, Missouri's alleged practice of discriminating against its black employees, including Plaintiff Tommie Hardy. Now before the Court is Defendant's motion to dismiss (Doc. 5) and Plaintiff's request for leave to amend his complaint (Doc. 13). The Court GRANTS the motion to dismiss because Plaintiff failed to allege adequate facts to support a claim of municipal liability. The dismissal is without prejudice, and Plaintiff shall have thirty days to file an amended complaint.

## Background

Plaintiff, a black male, worked for Defendant largely without incident since 1993. However, in 2016 Defendant suspended him for three days without pay for abandoning a work assignment. Plaintiff claims that he did not abandon the assignment, but that his supervisor needed his help elsewhere and replaced him with a white employee. While he was away, an error occurred at the project that necessitated substantial remedial action. Plaintiff informed Defendant that he had no role in the mishap, but the white employee denied replacing him. Plaintiff claims that Defendant refused to believe him because he is black and the other employee white.

Then, in 2017, Plaintiff injured his shoulder and requested that his supervisor temporarily reassign him to work that did not require its use. His supervisor asked him to provide a note from a doctor. Later on, the same supervisor did not demand a doctor's note from a white employee requesting reassignment. Based on this and the 2016 suspension, Plaintiff argues that Defendant discriminates against its black employees. He filed suit against Defendant in state court, alleging violations of 42 U.S.C. §§ 1981, 1983, 1985, and 1986. Defendant timely removed the case, invoking the Court's federal-question jurisdiction, and now moves to dismiss Plaintiff's claims.

**Standard**

Federal Rule of Civil Procedure 12(b)(6) authorizes the dismissal of a complaint for "fail[ing] to state a claim upon which relief can be granted." A complaint survives a Rule 12(b)(6) motion if it contains "sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Mere labels and conclusions, or formulaic recitations of the elements of a cause of action, are insufficient. *Twombley*, 550 U.S. at 555. In ruling on a Rule 12(b)(6) motion, a court treats all well-pleaded facts in a complaint as true and construes them in the plaintiff's favor. *Id.* at 554.

**Discussion**

Count I of Plaintiff's complaint alleges that Defendant deprived him of his rights under 42 U.S.C. § 1981, which prohibits intentional racial discrimination in contractual relationships. *Gregory v. Dillard's, Inc.*, 565 F.3d 464, 468 (8th Cir. 2009) (citing *Rivers v. Roadway Exp., Inc.*, 511 U.S. 298, 302 (1994)). But municipalities are state actors, *Wickersham v. City of Columbia*,

481 F.3d 591, 598 n.4 (8th Cir. 2007), and state actors cannot be sued under § 1981. *Artis v. Francis Howell N. Band Booster Ass'n, Inc.*, 161 F.3d 1178, 1181 (8th Cir. 1998) (citing *Jett v. Dallas Indep. Sch. Dist.,* 491 U.S. 701, 735 (1989)). Instead, a party seeking to enforce its § 1981 rights against a municipality must do so through § 1983. *Id.* Count I makes no mention of § 1983 and is therefore dismissed.

Counts II and IV, meanwhile, do assert violations of 42 U.S.C. § 1983. In Count II, Plaintiff alleges that Defendant treated him less favorably than similarly situated white employees. In Count IV, he claims that Defendant created a hostile work environment. To state a § 1983 claim against a municipality, a plaintiff must "plead facts demonstrating that the defendants violated a constitutional right either pursuant to official municipal policy or as part of a custom or usage with the force of law." *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1073 (8th Cir. 2016) (citations omitted). The complaint need not specifically identify an unconstitutional policy or custom, but it must, at a minimum, set forth facts sufficient to allow the Court to draw a reasonable inference that one exists and caused the injury. *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 591 (8th Cir. 2004) (citation omitted).

Plaintiff contends that Defendant has "a pattern and practice" of favoring its white employees. Yet he has not alleged sufficient facts from which the Court could reasonably infer that to be the case. Plaintiff claims that he was mistreated in only two isolated instances, and he points to no other employees who might also have faced discrimination. Even accepting Plaintiff's allegations as true, they fail to suggest widespread and pervasive unconstitutional misconduct. *See Bolderson v. City of Wentzville, Mo.,* 840 F.3d 982, 986 (8th Cir. 2016) ("An unconstitutional custom or usage cannot arise from a single act." (citation omitted)); *Riley v. City of Kansas City, Mo.*, No. 4:16-cv-00188-FJG, 2016 WL 7031907, at *2 (W.D. Mo. Dec. 1, 2016) ("Plaintiff has

only pled mistreatment of herself and a few other co-workers within the Water Services Department, which is insufficient to show a pervasive custom of the municipality."). Rather, it seems that Plaintiff seeks to hold Defendant vicariously liable for the purported acts of its employees, which he cannot do. *Monell*, 436 U.S. at 691. Counts II and IV are dismissed.[1]

Finally, Count III alleges that Defendant conspired with its employees—and its employees amongst themselves—to discriminate against Defendant and his black colleagues in violation of 42 U.S.C. §§ 1985 and 1986. "In order to state a claim for conspiracy under § 1985, a plaintiff must allege with particularity and specifically demonstrate with material facts that the defendants reached an agreement." *Kelly*, 813 F.3d at 1077 (quoting *City of Omaha Emps. Betterment Ass'n v. City of Omaha, Neb.*, 883 F.2d 650, 652 (8th Cir. 1989)). This standard requires "sufficient specificity and factual support to suggest a meeting of the minds directed toward an unconstitutional action." *Id.* at 1078 (quoting *Nelson v. City of McGehee, Ark.*, 876 F.2d 56, 59 (8th Cir. 1989)).

Here, Plaintiff advances only the vague, conclusory assertion that Defendant and its employees "had an agreement or understanding or otherwise conspired" to deprive black employees of their rights. Because he supplies no facts indicating that any such agreement or understanding exists, he has failed to state a claim of conspiracy under § 1985.[2] *See Johnson v. Perdue*, 862 F.3d 712, 717-18 (8th Cir. 2017) (affirming the dismissal of a § 1985 claim in the absence of specifically pleaded factual support). And since a cause of action under § 1986 depends on a valid § 1985 claim, the Court dismisses Count III in its entirety. *See Kaylor v. Fields*, 661

---

[1] Had Plaintiff pleaded Count I as arising under § 1983, it would have failed for the same reason.

[2] The Court questions whether Plaintiff could pursue this claim even had he alleged enough facts to suggest a conspiracy, since "a local government entity cannot conspire with itself through its agents acting within the scope of their employment." *L.L. Nelson Enters., Inc. v. Cty. of St. Louis, Mo.*, 673 F.3d 799, 812 (8th Cir. 2012).

4

F.2d 1177, 1184 (8th Cir. 1981); *Rodgers v. Univ. of Mo. Bd. of Curators*, 56 F. Supp. 3d 1037, 1054-55 (E.D. Mo. 2014) (dismissing § 1985 and § 1986 claims where the plaintiff's "formulaic and conclusory" allegations failed to support the existence of a conspiracy), *aff'd*, 634 Fed. Appx. 598 (8th Cir. 2015).

## Conclusion

Accordingly, the Court GRANTS WITHOUT PREJUDICE Defendant's motion to dismiss (Doc. 5). Plaintiff shall have thirty days to file an amended complaint.

**IT IS SO ORDERED.**

Date: August 14, 2019              /s/ Greg Kays
                                                         GREG KAYS, JUDGE
                                                         UNITED STATES DISTRICT COURT