IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| TOMMIE HARDY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:19-cv-00237-DGK |
| | ) |
| CITY OF KANSAS CITY, MISSOURI, | ) |
| | ) |
| Defendant. | ) |

**REPLY SUGGESTIONS IN SUPPORT OF
DEFENDANT CITY OF KANSAS CITY, MISSOURI'S MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT**

The City of Kansas City, Missouri (the City) submits these Reply Suggestions in Support of its Motion to Dismiss Plaintiff's First Amended Complaint for failure to state a claim upon which relief may be granted. (Doc. 29). For the reasons set forth below, along with the City's opening Suggestions in Support of the Motion to Dismiss (Doc. 30), this Court should grant the City's motion and dismiss Plaintiff's First Amended Complaint with prejudice.

DISCUSSION

**A. PLAINTIFF HAS NOT ADEQUATELY PLEADED A CLAIM FOR MUNICIPAL LIABILITY UNDER 42 U.S.C. §§ 1981 or 1983**

In Plaintiff's Suggestions in Opposition to the City's Motion to Dismiss his First Amended Complaint, Plaintiff has appeared to concede that he has only made conclusory allegations of an official municipal policy or of an unofficial municipal custom that led to a violation of his constitutional rights. Specifically, he states that

1

his First Amended Complaint has "alleged both official municipal policy and unofficial municipal custom and the factual bases for these will be developed during discovery." (Doc. 32 at p. 5). Such a statement ignores the federal pleading standards and this Court's order granting the City's first motion to dismiss. (Doc. 23). Plaintiff must allege sufficient facts to allow the Court to reasonably infer the City has a policy of favoring white employees. His inability to plead specific allegations, rather than conclusions, in his First Amended Complaint related to an official City policy or widespread City custom which allegedly caused a deprivation of his civil rights is fatal to his claims.

Plaintiff's Suggestions in Opposition to the City's Motion to Dismiss contain a long discussion of inapplicable federal law. Notably missing from the Suggestions in Opposition is any discussion of how the First Amended Complaint meets the pleading standards established in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). As this Court has noted in its Order Granting the City's First Motion to Dismiss (Doc. 23), *Twombly* and *Iqbal* hold that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to survive a Rule 12(b)(6) motion to dismiss. *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937 (quoting *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955). Plaintiff's inability to follow the law established in these cases leads to a deficiently pleaded First Amended Complaint that should be dismissed.

2

Case 4:19-cv-00237-DGK   Document 36   Filed 11/05/19   Page 2 of 8

As discussed before, liability may attach to the City under § 1983 for a constitutional violation if the violation resulted from (1) an "official municipal policy," (2) an unofficial "custom," or (3) a deliberately indifferent failure to train or supervise. *Atkinson v. City of Mountain View, Mo.*, 709 F.3d 1201, 1214 (8th Cir. 2013) (citing *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 690-91, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) and *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989)). In order to proceed beyond the pleading stage in a § 1983 case against a municipality, a plaintiff must plead "facts demonstrating that the defendants violated a constitutional right either pursuant to official municipal policy or as part of a custom or usage with the force of law." *Kelly v. City of Omaha*, 813 F.3d 1070, 1073 (8th Cir. 2016). A custom is established by pleading and demonstrating:

> (1) the existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the government entity's employees; (2) deliberate indifference or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and (3) that plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was a moving force behind the constitutional violation.

*Snider v. City of Cape Girardeau*, 752 F.3d 1149, 1160 (8th Cir. 2014); *Johnson v. Douglas Cnty. Med. Dep't*, 725 F.3d 825, 828 (8th Cir. 2013).

"A municipality cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 660, 98 S.Ct. 2018. "There must be a causal

3

connection between the municipal policy or custom and the alleged constitutional deprivation in order to state a valid claim under § 1983. *Ulrich v. Pope Cnty.*, 715 F.3d 1054, 1061 (8th Cir. 2013) (citing *City of Canton, Ohio*, 489 U.S. at 385, 109 S.Ct. 1197). A custom must be demonstrated by pleading a continuing, widespread, and persistent pattern of unconstitutional misconduct. *Ware v. Jackson Cnty., Mo.*, 150 F.3d 873, 880 (8th Cir. 1998).

Despite Plaintiff's claims to the contrary in his Suggestions in Opposition, the *Monell* municipal liability standard under § 1983 is enforced at the pleading stage and requires specific allegations. Numerous cases from this Court and other district courts in the Eighth Circuit show this to be the case. *See, e.g., Haller v. County of Dundy, Neb.,* No. 4:19-CV-3028, 2019 WL 2764227, at *7-8 (D. Neb. July 2, 2019) (Allegations which are nothing more than a recitation of a municipal liability claim do not satisfy the federal pleading standards); *Maxfield v. Larson*, No. 1:18-CV-01006-KES, 2019 WL 1060720, at *6 (D.N.D. Mar. 9, 2019) (Plaintiff is required to identify a specific county policy or custom that caused any constitutional violation to meet federal pleading standards); *Gibson v. Greene Cnty., Mo.*, No. 17-3255-CV-S-BP, 2018 WL 1005408, at *5-6 (W.D. Mo. Feb. 21, 2018) (Plaintiff has not identified any policies or customs that might make Greene County liable for officer's actions); *Dillard v. City of Springdale, Ark.*, No. 5:17-CV-5089, 2017 WL 4392049, at *8 (W.D. Ark. Sept. 29, 2017) (Complaint failed to state an unofficial custom claim because there was nothing in Complaint to indicate disclosures were anything other than isolated incidents for the City and County, rather than part of a continuing,

4

widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees); *Bradford v. City of Kansas City, Mo.*, No. 16-0289-CV-W-FJG, 2017 WL 2126867, at *3 (W.D. Mo. May 16, 2017) ("The Court finds that plaintiff has not alleged a custom or policy of the only defendant, a municipality, which resulted in the deprivation of her rights or privileges protected by the constitution"); *Riley v. City of Kansas City, Mo.*, No. 16-0188-CV-W-FJG, 2016 WL 7031907, at *2 (W.D. Mo. Dec. 1, 2016) (In order to avoid dismissal in a § 1983 case against a municipality, a plaintiff must plead facts demonstrating the defendants violated a constitutional right pursuant to an official municipal policy or as part of a custom or usage with the force of law); *Lollie v. Johnson*, No. 14-CV-4784 (SRN/HB), 2015 WL 3407931, at *6 (D. Minn. May 27, 2015) (Boilerplate allegations asserting the generic elements of a *Monell* claim without allegations specific to the case are insufficient to plead a cause of action); *Ferguson v. Short*, No. 2:14-CV-04062-NKL, 2014 WL 3925512, at *7 (W.D. Mo. Aug. 12, 2014) (A plaintiff must plead that his injury is caused by the execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy); *Hutchison v. Texas Cnty., Mo.*, No. 09-3018-CV-S-RED, 2010 WL 11509268, at *5 (W.D. Mo. April 30, 2010) (Plaintiff has not alleged defendant had any official municipal policy or widespread custom or practice endorsing such harassment, nor that any such policy or custom caused plaintiff's injury).

Plaintiff's First Amended Complaint does not allege any facts that would demonstrate the existence of a City policy or custom that caused a deprivation of his

5

Case 4:19-cv-00237-DGK   Document 36   Filed 11/05/19   Page 5 of 8

civil rights. Plaintiff claims the City has a policy, practice, custom, and pattern of discrimination, but he does not allege any facts to support this conclusion other than his own experiences of receiving discipline on one occasion and having to comply with a doctor's note requirement on another. He still has not described with any factual allegations what the alleged policy or custom was, who implemented the alleged policy or custom, how the alleged policy or custom applied to him and others with whom he worked, or how this alleged policy was developed. In fact, Plaintiff alleges he began employment with the City in 1993 and within ten years was promoted to Senior Plant Operator. (Doc. 25 at ¶¶ 11-12). He mentions nothing of a widespread, persistent discriminatory policy or custom applied to him during that time period or any time before 2016. (*Id.*).

Additionally, despite citing a number of state court lawsuits against the City, Plaintiff fails to allege how these other lawsuits against the City he cites in his First Amended Complaint demonstrate anything other than the City has been sued. He does not allege these other lawsuits are maintained by employees within his same working environment or that these other lawsuits are from the same temporal period as his alleged discriminatory events. He does not even make the basic allegation that these lawsuits were all racial discrimination lawsuits.

Based on the allegations in the First Amended Complaint, the City still has no notice of any alleged unconstitutional policy or custom which is the subject of Plaintiff's claims. Plaintiff has failed to plead a plausible claim under § 1983 that the City could be liable for deprivation of his constitutional rights under *Monell*.

6

Accordingly, this Court should sustain the City's Motion to Dismiss. Because the time for amending pleadings has passed (Doc. 24 – deadline to amend the pleadings is September 30, 2019), dismissal should now be with prejudice.

## CONCLUSION

For the foregoing reasons, as well as those reasons set forth in the City's Suggestions in Support of the Motion to Dismiss the First Amended Complaint (Doc. 30), the City of Kansas City's Motion to Dismiss the First Amended Complaint should be granted with prejudice.

**Dated: November 5, 2019**     Respectfully submitted,

**OFFICE OF THE CITY ATTORNEY**

By:     */s/ Timothy R. Ertz*
Timothy R. Ertz, # 63807
Assistant City Attorney
2300 City Hall, 414 E. 12th Street
Kansas City, Missouri 64106
Telephone: (816) 513-3154
Fax: (816) 513-3133
Email: timothy.ertz@kcmo.org

**Attorneys for Defendant City of Kansas City, Missouri.**

## CERTIFICATE OF SERVICE

I hereby certify that on November 5, 2019, I electronically filed the foregoing Reply Suggestions in Support of Motion to Dismiss First Amended Complaint with the Clerk of the Court using the CM/ECF system which will automatically send e-mail notification to all CM/ECF participants of record in this case.

By:    */s/ Timothy R. Ertz*
        Assistant City Attorney
        Attorney for Defendant
