IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI

TOMMIE HARDY                                    )
                                                )
                            Plaintiff,          )
                                                )
vs.                                             )    Case No.: 4:19-CV-237
                                                )
THE CITY OF KANSAS CITY, MISSOURI,              )
                                                )
                            Defendant.          )

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION
TO DEFENDANT'S MOTION FOR PROTECTIVE ORDER**

Plaintiff, by and through his attorneys, moves this Court for an Order denying Defendant's Motion for Protective Order (Doc. 40). Plaintiff's First Amended Complaint alleges Defendant violated 28 U.S.C. §§ 1981 and 1983 by engaging in race discrimination and creating a hostile work environment. "Municipal liability under § 1983 may attach if the constitutional violation resulted from . . . an unofficial custom." *Mick v. Raines*, 883 F.3d 1075, 1089 (8th Cir. 2018) (unofficial custom is one of three ways a plaintiff may prove liability).

Defendant argues paragraphs 4, 5, 8, and 18 in Plaintiff's Amended Notice of Videotaped Deposition are not likely to lead to the discovery of admissible evidence because they are not limited to race discrimination "in the Water Supply Division of the Water Services Department" (Def. Motion, pp. 1, 3)[1]. Meanwhile, in its Motion to Dismiss, Defendant argues that, to establish custom, the "misconduct among a **municipality's employees** must be continuing, **widespread**,

---

[1] Defendant also objected to the topics as "unduly burdensome," but its Motion does not claim undue burden. Defendant's additional objection, that the topics are "overbroad," rests on its incorrect assertion that FED. R. CIV. P. 30(b)(6) requires Plaintiff "to designate, with painstaking specificity, the particular subject areas that are intended to be questioned" (Def. Motion, p. 1). Rule 30(b)(6) only requires the notice to "describe with **reasonable particularity** the matters for examination" (emphasis added). Defendant does not claim a lack of reasonable particularity.

[and] persistent" (Doc. 30, p. 8) (emphasis added). Defendant cannot argue the misconduct must be widespread among municipal employees while also seeking to limit discovery to specific divisions of specific departments for select categories of employees.[2]

"Widespread" is, by definition, "widely diffused" and "widely extended or spread out"[3] – it is not limited to a type of discrimination or to specific division of a specific department. The relevant inquiry is the "*municipal* policy" or "*municipal* custom," not the *departmental* custom. *See generally Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). *See also Johnson v. Douglas County Medical Dep't*, 725 F.3d 825, 828 (8th Cir. 2013) (question is the "continuing, widespread, persistent pattern of unconstitutional misconduct by the **governmental entity's employees**.") (emphasis added) and *McGautha v. Jackson County, Mo*., 36 F.3d 53 (8th Cir. 1994) (liability may be established by proving the "alleged misconduct was pervasive among employees of the **municipality**") (emphasis added). Contrast, *Davison v. City of Minneapolis*, 490 F.3d 648, 659 n.7 (8th Cir. 2007) (the plaintiff did not show a municipal custom based on the failure to promote individuals in the fire department).

The cases cited by Defendant, in which the scope of discovery was limited to department or type of discrimination, *were not* §§ 1981 or 1983 cases nor did they rest on the theory of municipal policy or custom (Def. Motion, pp. 3, 4). *Contrast Estes v. Dick Smith Ford, Inc.,* 856 F.2d 1097 (8th Cir. 1988) (in a case alleging violation of § 1981, the plaintiff was a car washer/porter but the Court of Appeals held the trial court erred when it excluded evidence of company-wide occurrences). *Id.* at 1102.

---

[2] If Defendant successfully precludes municipal-wide discovery, it should not later be heard to argue the lack of evidence of a widespread municipal-wide custom.

[3] https://www.merriam-webster.com/dictionary/widespread

In *McKinney v. City of Kansas City*, a case alleging discrimination and a hostile work environment, this same Defendant argued witnesses were not "similarly situated" because the employees did not work in the same department (in fact, the same Water Department where Mr. Hardy worked) and were of different races and genders. 576 S.W.3d 194, 204 (Mo. App. W.D. 2019). The Missouri Court of Appeals rejected Defendant's argument, holding the evidence supported the hostile work environment claim.

> [the witnesses] were City employees, alleged discriminatory treatment in the workplace, and had attempted to seek redress through the City's EEO office. Each met the same response —delayed action or no action. . . . [A] jury could reasonably conclude that the City condoned a hostile work environment, allowing racial and sexual discrimination to occur across multiple departments and turning its EEO office into a "black hole" where complaints disappeared and enforcement of workplace anti-discrimination policies simply did not occur.

*Id.* The *McKinney* Court further noted *this Defendant* could be found to have been "indifferent or possibly complicit" in the failure to investigate claims of discrimination. *Id.* at 202.

Complaints of discrimination (¶ 4), Defendant's investigations into complaints of discrimination (¶ 5), Charges of Discrimination filed against Defendant (¶ 8), and information regarding employees who have been disciplined within 6 months of making complaints of discrimination (¶ 18)[4] will shed light on the extent to which Defendant condoned, was indifferent

---

[4] Paragraph 18 (discipline for making complaints of discrimination) is discoverable even though Mr. Hardy does not claim retaliation. Silencing employees who complain of discrimination allows unconstitutional misconduct to run rampant and unfettered. Such evidence is discoverable (and possibly admissible) when considering the totality of the circumstances. *See Henthorn v. Capitol Communications, Inc.,* 359 F.3d 1021, 1026 (8th Cir. 2004) (court considers "totality of the circumstances" in determining whether there is a hostile work environment).

In the Notice of Deposition, ¶ 18 is not limited in time. Plaintiff agrees to limit the time-frame to March 30, 2014 through the present which is the same time frame in ¶¶ 4, 5, and 8. Defendant has not taken issue with the five-year time frame and, in fact, cites to *Christian v. Frank Bommarito Oldsmobile, Inc.*, which permitted discovery over a ten-year period. Case No. 4:08CV1423 JCH, 2009 WL 1405459 at *1-2 (E.D. Mo. May 18, 2009) (Def. Motion, pp. 3-4).

to, or was complicit in the discrimination – all of which is relevant to showing what Defendant argues Mr. Hardy must prove – that there is a "continuing, widespread, and persistent pattern of unconstitutional misconduct." The discovery will also support Mr. Hardy's claim for punitive damages. *See Williams v. Conagra Poultry,* 378 F.3d 790, 794 (8th Cir. 2004).

Finally, the information sought will lead to the discovery of "me too" evidence. The relevance of "me too" evidence "depends on many factors, including how closely related the evidence is to the plaintiff's circumstances and theory of the case." *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 388 (2008). If Mr. Hardy is not permitted the discovery, he cannot demonstrate how closely related the other circumstances are to his case and the Court cannot properly determine the admissibility of the evidence. This underscores the distinction between discovery and admissibility which should not be forgotten in this analysis. *See* FED. R. CIV. P. 26(b)(1) (evidence need not be admissible to be discoverable).

**WHEREFORE,** Plaintiff prays for an Order denying Defendant's Motion for Protective Order (Doc. 40) and for such other and further relief as this Court deems just and proper.

Respectfully submitted,

LUNCEFORD LAW FIRM, LLC

by:*/s/ David A. Lunceford.*
David A. Lunceford, MO #47014
201 Southeast 1st Street
Lee's Summit, Missouri 64063
Telephone: (816) 525-4701
Facsimile: (816) 347-0366
LLF.DLunceford@gmail.com

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 13th day of November 2019 the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which sent notification of such filing to all counsel of record.

                                                                                              ___/s/ David A. Lunceford___
                                                                                                  Attorney for Plaintiff