# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| TOMMIE HARDY, | ) |
|     Plaintiff, | ) |
| v. | )    No. 4:19-cv-00237-DGK |
| CITY OF KANSAS CITY, MISSOURI, | ) |
|     Defendant. | ) |

**ORDER GRANTING MOTION TO DISMISS**

This civil rights action arises from Defendant City of Kansas City, Missouri's alleged practice of discriminating against its black employees, including Plaintiff Tommie Hardy. Now before the Court is Defendant's motion to dismiss (Doc. 29). The Court GRANTS the motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Because Plaintiff still cannot show sufficient facts to support his claims, this dismissal is with prejudice.

**Standard**

Under Rule 12(b)(6), the court may dismiss a complaint for "fail[ing] to state a claim upon which relief can be granted." A complaint survives a Rule 12(b)(6) motion if it contains "sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* While "legal conclusions can provide the framework of the complaint," those conclusions "must be supported by factual allegations." *Hager v. Ark. Dep't of Health*, 735 F.3d 1009, 1014 (8th Cir. 2013) (citing *Iqbal*, 556 U.S. at 508). Mere labels and conclusions, or formulaic recitations of the

elements of a cause of action, are insufficient. *Twombly*, 550 U.S. at 555. In ruling on a Rule 12(b)(6) motion, a court treats all well-pleaded facts in a complaint as true and construes them in the plaintiff's favor. *Id.* at 554.

**Background**

Because this comes to the Court on a motion to dismiss, the Court recounts the background in a light most favorable to the Plaintiff, giving him the benefit of all reasonable inferences.

Plaintiff is a black male who has been employed by Defendant since 1993. During that time, he alleges the following incidents have arisen during his employment:

First, in or about August 2006, Plaintiff received a letter of reprimand, the details of which are not included in his amended complaint.[1]

Second, on or about May 18, 2016, Plaintiff was "pulled away from [his] assignment" at an electrical power box and replaced with a white employee. While Plaintiff was off the assignment, an error occurred which resulted in Defendant draining approximately 3.5 million gallons of water.

Third, on or about September 27, 2016, Defendant directed Plaintiff to attend a meeting regarding the water loss incident. At that meeting, Plaintiff explained that he was not involved in the error that resulted in the accidental draining of millions of gallons of water. The white employee who replaced him also denied his involvement in the error. Ultimately, the meeting resulted in Defendant suspending Plaintiff for three days without pay, based on the error and Plaintiff's letter of reprimand. Plaintiff claims this suspension without pay was due to Defendant believing the white employee's word over Plaintiff's, allegedly based solely on race.

---

[1] This is the only incident that Plaintiff does not allege involved illegal racial discrimination.

Fourth, in or about 2017, Plaintiff suffered a shoulder injury and asked for temporary reassignment. A white supervisor told him that he needed to provide a doctor's note to be temporarily reassigned. The next year, in 2018, that same white supervisor did not require a doctor's note from a white employee who requested reassignment because he was feeling ill. Instead he temporarily reassigned him based on his personal assertion of illness.

In March 2019, Plaintiff filed suit in Missouri state court alleging violations under 42 U.S.C. §§ 1981, 1983, 1985, and 1986. Defendant timely removed to this Court, invoking its federal-question jurisdiction. Defendant moved to dismiss Plaintiff's complaint for failure to state a claim. This Court granted that motion (Doc. 23), and Plaintiff timely filed an amended complaint (Doc. 25).

To support his amended complaint, Plaintiff cites two prior decisions in Missouri state court where a jury found Defendant liable for conduct relating to racial discrimination. First, Plaintiff cites *Johnson v. City of Kansas City, Mo.*, Case No. 1616-CV08470. In this case, a jury found Defendant liable for retaliation after Plaintiff reported racial discrimination, from 2012–2014. Next, he cites *McKinney v. City of Kansas City, Mo.*, Case No. 1616-CV02932. In this case, a jury found Defendant liable for race discrimination, creating a hostile work environment, and retaliation after Plaintiff reported the racial discrimination, from 2011–2015. Moreover, Plaintiff cites testimony from those trials and identifies twenty-three state court cases against Defendant where it was accused of engaging in harassment, discrimination, creating a hostile work environment, and retaliation. The only details provided on the cases are their names.

Defendant has now again filed a motion to dismiss, claiming that Plaintiff has still failed to state a claim of municipal liability upon which relief can be granted (Doc. 29).

**Discussion**

Plaintiff's amended complaint alleges that Defendant engaged in racial discrimination (Count I) and created a hostile work environment (Count II), both violations of 42 U.S.C. § 1983 (2012). A plaintiff establishes a claim under § 1983 by alleging facts that the defendant (1) acted under the color of state law, and (2) wrongfully deprived him of a constitutionally protected right. *Schmidt v. City of Bella Villa*, 557 F.3d 564, 571 (8th Cir. 2009). Here, Plaintiff is alleging Defendant violated his rights under a theory of municipal liability. Municipal liability may attach when a violation occurs as part of "an official municipal policy, an unofficial custom, or a deliberately indifferent failure to train or supervise an official or employee." *Bolderson v. City of Wentzville, Mo.*, 840 F.3d 982, 985 (8th Cir. 2016) (citing *Atkinson v. City of Mountain View, Mo.*, 709 F.3d 1201, 1214 (8th Cir. 2013)). But the mere employment of a tortfeasor will not subject a municipality to liability under a *respondeat superior* theory. *Monell v. Dep't of Social Services of City of New York*, 436 U.S. 658, 690 (1978).

**I.     Plaintiff fails to show an official municipal policy of discrimination.**

Using the terms "policy" and "custom" to describe two separate prongs of an *Monell* analysis is purposeful. *Mettler v. Whiteledge*, 165 F.3d 1197, 1204 (8th Cir. 1999) ("This Court does not use the terms 'policy' and 'custom' interchangeably when conducting a *Monell* analysis."). Under a *Monell* analysis, a "policy" points to a "deliberate choice of a guiding principle or procedure" made by a municipal official with final authority over the matter at issue. *Corwin v. City of Independence, Mo.*, 829 F.3d 695, 700 (8th Cir. 2016) (citing *Mettler*, 165 F.3d at 1204). An action by a city employee constitutes official municipal policy only when the "decisionmaker in question possess final authority to establish municipal policy with respect to

the action ordered." *Bolderson*, 840 F.3d at 985 (citing *Hess v. Ables*, 714 F.3d 1048, 1054 (8th Cir. 2013)).

Here, Plaintiff alleges Defendant has "unconstitutional patterns, policies, practices, and/or customs" depriving minority employees of their rights, but Plaintiff does not identify any official policy or decision by an official with policymaking power to factually support his allegation. Thus, Plaintiff has not met his burden to adequately plead that his alleged discrimination was on the basis of a municipal policy.

**II.     Plaintiff fails to show an unofficial custom caused his discrimination.**

Next, this Court turns to municipal liability under the second prong of the *Monell* analysis—the showing of an unofficial custom. To survive a motion to dismiss, Plaintiff's complaint must "at a minimum . . . allege facts which would support the existence of an unconstitutional policy or custom." *Doe ex rel. Doe v. School Dist. of City of Norfolk*, 340 F.3d 605, 614 (8th Cir. 2003). The complaint need not specifically identify an unconstitutional policy or custom, but it must set forth enough facts to allow the Court to draw a reasonable inference that one exists and caused the injury. *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 591 (8th Cir. 2004) (citation omitted).

An unofficial custom may be the basis of municipal liability when "misconduct so pervasive among non-policymaking employees of the municipality as to constitute a custom or usage with the force of law" led to the violation of Plaintiff's constitutional rights. *Ware v. Jackson Cty., Mo.*, 150 F.3d 873, 880 (8th Cir. 1998) (citations and quotations omitted). For municipal liability to arise under an unofficial custom, Plaintiff must show:

> "(1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

> (2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and
>
> (3) The plaintiff's injury by acts pursuant to the governmental entity's custom, *i.e.*, proof that the custom was the moving force behind the constitutional violation."

*Id.* (internal citations omitted); *Snider v. City of Cape Girardeau*, 752 F.3d 1149, 1160 (8th Cir. 2014).

Deliberate indifference or tacit authorization after notice of misconduct is judged by "a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Connick v. Thompson*, 563 U.S. 51, 61 (2011) (citing *Bd. of Cty. Comm'rs of Bryan Cty., Okla. v. Brown*, 520 U.S. 397, 410 (1997)). Notice is the "touchstone of deliberate indifference" when it comes to claims of municipal liability. *Atkinson*, 709 F.3d at 1216 (citing *Brown*, 520 U.S. at 409).

Here, Plaintiff has not adequately asserted facts sufficient to show any of the three elements. First, Plaintiff only alleges specific facts of two prior incidents allegedly motivated by racial animus. But to establish municipal liability, he must show a continuing, widespread, and persistent pattern of conduct. While this Court appreciates his citations of two past verdicts against Defendant for racial discrimination, these verdicts fail to show a similarity of situation that supports an unofficial custom of deprivation.[2] Without more, the mere fact that the Defendant has been sued in the past does not establish a plausible factual foundation to show that Defendant engaged in a continuing, widespread, persistent pattern of conduct.

---

[2] From Plaintiff's amended complaint, it appears that the first case cited was for retaliation—a claim not made by Plaintiff in this case. Moreover, neither case appears to have been brought for the same or similar conduct and in the same department as in Plaintiff's case.

Second, Plaintiff's amended complaint does not plausibly establish deliberate indifference or tacit authorization following notification. Here, Plaintiff never alleges that he provided notice to anyone with policymaking authority of his differential treatment. Without this notice, those officials could not be deliberately indifferent or tacitly authorizing the conduct. And neither does Plaintiff allege that Defendant had notice based on the actions of another employee. Merely stating that "Defendant knew or should have known of the discrimination, harassment, retaliation, and/or hostile work environment" without a plausible factual foundation supporting the allegation does not establish sufficient support to overcome a motion to dismiss.

Finally, Plaintiff cannot establish that any unofficial custom was the moving force behind his discrimination because he has not adequately established such a custom exists. Even considered in a light most favorable to Plaintiff, his allegations are simply insufficient to make a plausible showing of an unofficial municipal custom.

### III. Plaintiff alleges no facts on which to base liability due to Defendant's failure to train or supervise.

Lastly, municipal liability may be premised on the failure to train or supervise. To establish this claim, Plaintiff must show that Defendant had notice that its procedures were inadequate and likely to result in a violation of constitutional rights. *Jennings v. Wentzville R-IV School Dist.*, 397 F.3d 1118, 1122 (8th Cir. 2005). Other than a bare allegation of "failing to adequately train its employees with respect to harassment, discrimination, retaliation, and/or hostile work environment," Plaintiff asserts no facts that plausibly support this conclusion. Without a factual foundation, this Court cannot draw a reasonable inference of a failure to train or supervise resulting in an insufficient protection of Plaintiff's constitutional rights.

## Conclusion

Accordingly, the Court GRANTS WITH PREJUDICE Defendant's motion to dismiss (Doc. 29).

**IT IS SO ORDERED.**

Date: <u>December 20, 2019</u>     <u>/s/ Greg Kays</u>
                                    GREG KAYS, JUDGE
                                    UNITED STATES DISTRICT COURT