# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

TOMMIE HARDY,                          )
                                       )
    Plaintiff,                         )
                                       )
v.                                     )    No. 4:19-CV-00237-DGK
                                       )
CITY OF KANSAS CITY, MISSOURI,         )
                                       )
    Defendant.                         )

## ORDER DETERMINING COSTS

This action arises out of Plaintiff Tommie Hardy's employment with Defendant City of Kansas City, Missouri. The Court granted Defendant's motion to dismiss for failure to state a claim (Doc. 52). Now before the Court is Defendant's Bill of Costs seeking $2,100.10 (Doc. 54). Plaintiff filed objections (Doc. 53), and Defendant replied (Doc. 54). For the following reasons, the Court awards Defendant $2,100.10 in costs.

### Standard

Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." While the "prevailing party is presumptively entitled to recover all of its costs," it bears the burden of persuading the court that the items and amounts sought are compensable under 28 U.S.C. § 1920 or some other authority. *Thompson v. Wal-Mart Stores, Inc.*, 472 F.3d 515, 517 (8th Cir. 2006); *Garrison v. DolgenCorp, LLC*, No. 4:16-CV-00349-DGK, 2018 WL 505094, at *1 (W.D. Mo. Jan. 22, 2018).

Section 1920 limits a court's power to tax costs to the items enumerated in § 1920. *Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560, 573 (2012). "Costs" are construed narrowly

under the statute. *Id.* The Supreme Court has cautioned that "[a]lthough 'costs' has an everyday meaning synonymous with 'expenses,'" taxable costs "are a fraction of the nontaxable expenses borne by litigants for attorneys, experts, consultants, and investigators." *Id.* Under § 1920, a court may tax as costs six expenses. Applicable here are costs associated with "[f]ees of the clerk," "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case," and "fees and disbursements for . . . witnesses." 28 U.S.C. § 1920(1)–(3).

## Discussion

Defendant seeks $400.00 in fees of the clerk; $1,635.60 for the deposition transcripts of Scott Lochner and Tommie Hardy; and $64.50 in fees for witnesses. Plaintiff does not dispute that Defendant is entitled to fees of the clerk or for witnesses, but he objects to Defendant's request for fees related to deposition transcripts because Defendant failed to provide documentation showing that the fees were solely related to obtaining the transcripts. In its reply, Defendant provided an invoice showing that the requested fee relates solely to obtaining the transcripts, which were necessary for use in the case. Thus, these costs are compensable under § 1920(2).

## Conclusion

For the foregoing reasons, the Court awards Defendant $2,100.10 in costs: $400.00 in fees of the clerk; $1,635.60 for the deposition transcripts of Scott Lochner and Tommie Hardy; and $64.50 in fees for witnesses.

**IT IS SO ORDERED.**

Date: March 10, 2020           /s/ Greg Kays
                               GREG KAYS, JUDGE
                               UNITED STATES DISTRICT COURT